SCHAFFNER *v.* CLARK.

INSURANCE—AUTOMOBILES—CONTROL OF CAR—QUESTION FOR TRIER OF THE FACTS.

    Under automobile insurance policy limiting coverage so as not to be effective when car was driven by or under the control of insured's son, insurer *held,* liable, as garnishee defendant, to amount of its policy on judgment against insured for a larger sum where trial court found, on conflicting and unsatisfactory testimony, that car, driven by son's guest, was not under the control of the son.

Appeal from Branch; Jacobs (Theo T.), J. Submitted June 14, 1938. (Docket No. 104, Calendar No. 40,119.) Decided October 3, 1938.

Garnishment proceedings on a judgment by George Schaffner against Loren R. Clark, principal defendant, and Wolverine Mutual Motor Insurance Company, garnishee defendant. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Paul W. Chase* and *Wilbur D. Grommon,* for plaintiff.

*Alexander, McCaslin & Cholette,* for garnishee defendant.

POTTER, J. Plaintiff sued the defendant Clark and recovered a judgment for $8,032 damages, and costs. Plaintiff's alleged cause of action arose out of injuries resulting from being struck by defendant's automobile driven by another. Wolverine Mutual Motor Insurance Company, garnishee-defendant,

was insurer of defendant's automobile and garnishment proceedings after judgment were had against it by reason of its insurance policy. On trial, judgment was recovered against the garnishee-defendant for $5,000, the amount of its policy coverage, and costs. Garnishee-defendant appeals.

The policy of insurance issued by the garnishee-defendant was of a limited character. It provided:

"The coverage under the attached policy number B9375 shall not be effective when the insured car is driven by or is under the control of Loren G. Clark, son of the named assured; otherwise the policy, including the omnibus clause, shall be in full force and effect."

It is undisputed at the time of the accident resulting in plaintiff's injuries the automobile of defendant was not being driven personally by the defendant or by Loren G. Clark, his son. It was being driven by one Ray Kujola, a guest of Loren G. Clark.

The important question is, therefore, whether the insured automobile was being driven under the control of the defendant's son, Loren G. Clark. The trial court to whom the disputed questions of fact were submitted found for plaintiff and against the garnishee-defendant.

The testimony is conflicting and unsatisfactory but the credibility of the witnesses and the truthfulness of their statements was for the trial court as a trier of the facts. No legal ground authorizing a reversal of the judgment entered by the trial court appears.

Judgment affirmed, with costs.

Wiest, C. J., and Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.